# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NEALE, JR., <br><br> Plaintiff, <br><br> v. <br><br> STU SHERMAN, et al., <br><br> Defendants. | 1:18-cv-00342-DAD-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION TO STOP ONGOING DUE PROCESS VIOLATIONS <br><br> (Doc. 11) |

Plaintiff Joseph Neale, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's filing titled, "Second Motion to Stop the Ongoing Due Process Violations at SATF," filed on July 12, 2018. (Doc. 11.) In the motion, Plaintiff requests for the Court to intervene in numerous issues, such as matters related to making administrative complaints, disability-related access policies and practices, staff misconduct, and other issues.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Here, Plaintiff filed a complaint regarding the alleged denial of a seated walker, a seat cushion, and a double mattress chrono. Plaintiff's complaint was screened on May 31, 2018, and was found not to state any cognizable claims. (Doc. 8.) Currently, the Court awaits Plaintiff's amended complaint, which is due on or before July 31, 2018, on extension.

Thus, this case does not yet proceed on any cognizable claims. Further, the matters raised in Plaintiff's motion are unrelated to limited issue of the alleged denial of Plaintiff's medically-related items that is the subject of this case. The Court has no authority or jurisdiction to address the many unrelated issues Plaintiff attempts to raise in his motion.

For these reasons, Plaintiff's second motion to stop the ongoing due process violations (Doc. 11) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 17, 2018**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE