# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NEALE, JR., <br><br> Plaintiff, <br><br> v. <br><br> STU SHERMAN, et al., <br><br> Defendant(s). | No.: 1:18-cv-00342-DAD-BAM (PC) <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING AN EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS <br><br> (ECF No. 17) <br><br> **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Joseph Neale, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 6, 2019, the Court issued findings and recommendations to dismiss this action, with prejudice, for the failure to state a claim upon which relief may be granted. (ECF No. 14.) Plaintiff was given fourteen (14) days to file objections to those findings and recommendations. (Id.) On March 6, 2019, the Court granted Plaintiff's motion for extension of time to file objections. (ECF Nos. 15, 16.) Plaintiff was granted 30 additional days from the date of service of the order to file his objections to the February 6, 2019 findings and recommendations. (ECF No. 16.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on April 12, 2019. (ECF No. 17.) Plaintiff contends that the Court should appoint counsel to represent

1

1 him because, due to the disruption at California Substance Abuse Treatment Facility and State
2 Prison, Corcoran caused by a mass institutional search and the unexpected death of an inmate in
3 Plaintiff's dorm, Plaintiff has not been able to concentrate and perform the necessary research and
4 investigation needed to organize his thoughts and write and file objections to the findings and
5 recommendations.

6 However, Plaintiff does not have a constitutional right to appointed counsel in this action,
7 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney
8 to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court
9 for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional
10 circumstances, the Court may request the voluntary assistance of counsel pursuant to section
11 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating
12 counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In
13 determining whether "exceptional circumstances exist, the district court must evaluate both the
14 likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se
15 in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations
16 omitted). "Neither of these considerations is dispositive and instead must be viewed together."
17 Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

18 Initially, the Court notes that Plaintiff has failed to demonstrate that it is likely that he will
19 succeed on the merits of his claims. Further, the record reflects that Plaintiff can adequately
20 articulate his claims and that the issues raised in this case are not particularly complex.
21 Therefore, the Court fails to find the exceptional circumstances necessary to justify granting a
22 request for voluntary assistance of counsel. Accordingly, the Court denies Plaintiff's motion for
23 appointment of counsel.

24 Nevertheless, in light of Plaintiff's *pro se* status and in order to allow time for Plaintiff to
25 receive the Court's order, the Court finds that it is in the interests of justice to grant Plaintiff an
26 extension of twenty-one (21) days to file his objections to the February 6, 2019 findings and
27 recommendations. Any future requests for an extension of time should present good cause, and
28 requests based on the same grounds presented here will not be considered sufficient good cause

for a further extension of this deadline.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, (ECF No. 17), is DENIED;
2. In the interests of justice, Plaintiff is granted an extension of time to file objections to the February 6, 2019 findings and recommendations; and
3. Plaintiff shall file his objections to the February 6, 2019 findings and recommendations within **twenty-one (21) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **April 19, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE