**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH NEALE, JR., | Case No. 1:18-cv-00342-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| STU SHERMAN, et al., | (ECF No. 23) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Joseph Neale, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 6, 2019, the Court issued Findings and Recommendations recommending that this action be dismissed for Plaintiff's failure to state a cognizable claim upon which relief may be granted. (ECF No. 14.) On July 10, 2019, the Court granted Plaintiff an additional 30 days to file objections to the Findings and Recommendations. (ECF No. 22.)

Currently before the Court is Plaintiff's "motion for protection order for legal court documents, materials and all personal property for transfer on-going retaliation to protected rights[,]" filed on July 12, 2019, which the Court construes as a motion for preliminary injunction. (ECF No. 23.) Plaintiff requests that the Court issue an order directing California Substance Abuse Treatment Facility and State Prison, Corcoran Warden Stewart Sherman and Receiving and Release

Sergeant Beltran to give Plaintiff a CDCR 1083 property inventory form to keep on his person during his transfer to California Medical Facility, Vacaville or California Health Care Facility, Stockton, to attach the CDCR 1083 property inventories to be attached to the outside of all of Plaintiff's property boxes, to permit Plaintiff to be present when his property is inventoried, to forbid Correctional Officer Prendez from handling any of Plaintiff's property, and to provide Plaintiff with all of his legal documents, legal books, papers, and personal property within three days after he is transferred to the new prison. Plaintiff asserts that such an order is necessary because, previously, prison officials have destroyed legal documents and other pieces of his personal property in retaliation for his filing of inmate grievances. Plaintiff further argues that his imminent transfer to a new prison is also due to the same on-going retaliation and he believes that more of his personal property will be intentionally lost or destroyed during his transfer.

**II.    Discussion**

    **A.    Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and

is the least intrusive means necessary to correct the violation of the Federal right."

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491−93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969; see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

**B. Discussion**

Plaintiff has not met the requirements for the injunctive relief that he seeks. Initially, since Findings and Recommendations to dismiss this action for Plaintiff's failure to state a cognizable claim are pending, Plaintiff cannot demonstrate that he has any likelihood of success on the merits of his claims. Further, the fact that some of Plaintiff's property may be lost or destroyed during Plaintiff's transfer to a new prison does not establish that it is likely that Plaintiff will suffer any irreparable harm if preliminary injunctive relief is not granted. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citation omitted)). Finally, as no defendant has been served with a summons or has appeared in this action, the Court does not currently have any personal jurisdiction over any of the defendants named in this action.

Therefore, the Court must deny Plaintiff's motion for a preliminary injunction.

Plaintiff is reminded that pursuant to Local Rules 182 and 183, a pro se party is under a continuing duty to notify the Clerk, the Court and all other parties of any change of address or telephone number. Local Rules 182(f), 183(b). Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Further, the failure of Plaintiff to prosecute this action is grounds for dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217 (9th Cir. 2006).

### III. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 23), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE