UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NEALE, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | No. 1:18-cv-00342-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 14, 23, 24) |

Plaintiff Joseph Neale, Jr. is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 5, 2019, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 14.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 11.) Following the granting of four extensions of time to do so, plaintiff timely filed objections on August 12, 2019. (Doc. No. 26.)

On July 16, 2019, the assigned magistrate judge issued another set of findings and recommendations recommending that plaintiff's motion for preliminary injunction be denied. (Doc. No. 24.) Those findings and recommendations were served on plaintiff and contained

1

notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.) No objections have been filed in response to those findings and recommendations, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds both pending findings and recommendations to be supported by the record and proper analysis.

The undersigned is not persuaded by plaintiff's difficult to decipher objections to the recommendation that this action be dismissed due to his failure to state a claim upon which relief may be granted. Those objections largely rest on plaintiff's suggestion that all of the named defendants, including Kandkhorova and Ogbehis and their supervisors, conspired to deny him adequate care and to cover up the fact that they were doing so. (Doc. No. 26 at 4–6.) However, in advancing this argument plaintiff fails to point to any factual allegations in his complaint that would allow the court to infer that such a conspiracy existed. (*Id.*) *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor has plaintiff pled facts supporting his bald assertion that defendants Peterson and Plier were deliberately indifferent to his serious medical need by knowingly failing to respond to an inmate's request for help. (*See* Doc. No. 26 at 7.)

Similarly, plaintiff argues that defendant Kandkhorova discriminated against him based on race, but provides no factual allegations to support this conclusory assertion. (*Id.* at 8–9.) Plaintiff also contends that defendant Kandkhorova and Nurse Salaza denied him proper medical care due to "a lack of training" amounting to deliberate indifference. (*Id.* at 9.) However, plaintiff has failed to allege any violation of policy, identifies no failure to train and, the court notes, Nurse Salaza was not even mentioned in plaintiff's complaint.

According to plaintiff his complaint should not be dismissed because Rule 8 simply requires that a complaint give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. (*Id.*) Plaintiff misstates that applicable pleading standard. As the Supreme Court has clarified, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." *Iqbal*, 556 U.S. at 678.  As the assigned magistrate judge recognized, the court must construe a pro se plaintiff's pleadings liberally and "afford [him] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, plaintiff must allege facts "that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678.  Here, plaintiff's complaint merely "offers 'labels and conclusions,'" which are insufficient to state a cognizable claim and survive screening.  *See id*.

Thus, the undersigned agrees with the conclusion reached in the pending findings and recommendations that plaintiff's complaint falls short of meeting the applicable pleading standards in several respects.  In addition, the undersigned also concludes that the recommendation that plaintiff's "motion for protection order," construed as a motion for a preliminary injunction, be denied is supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 5, 2019, (Doc. No. 14), are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted;
3. The findings and recommendations issued on July 16, 2019, (Doc. No. 24), are adopted in full;
4. Plaintiff's motion for preliminary injunction, (Doc. No. 23), is denied;
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 23, 2020**

UNITED STATES DISTRICT JUDGE